IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

DENNIS E. GORDON,

    Plaintiff,

v.

TRACY JOHNS; GEORGE ZOLEY; DONNA MELLENDICK; HARRELL WATTS; AND CHARLES E. SAMUELS, JR.,

    Defendants.

CIVIL ACTION NO.: 5:16-cv-28

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Rivers Correctional Institution in Winton, North Carolina, filed this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), contesting certain conditions of his confinement at D. Ray James Correctional Facility ("D. Ray James") in Folkston, Georgia. (Doc. 1.) The Court has conducted an initial review of Plaintiff's Complaint, as required by 28 U.S.C. § 1915A. For the reasons which follow, I **RECOMMEND** that the Court **DISMISS** Plaintiff's Complaint and **DENY** Plaintiff leave to appeal *in forma pauperis*.

## BACKGROUND

Plaintiff alleges that an officer found a cell phone with two Mexican inmates, who were in the same unit and pod as Plaintiff, not long after Plaintiff arrived at D. Ray James. (Doc. 1, pp. 3–4.) According to Plaintiff, the Mexican community accused him of informing the officer

about the cell phone, and eleven inmates attacked him. Plaintiff states he reported the assault to the Unit Manager, and he was moved to another building for his safety. More than a month later, Plaintiff contends four Mexican inmates walked past the security post in the building where he was housed and came to his dormitory. (Id. at p. 4.) Plaintiff asserts these inmates used metal weapons to knock him unconscious and severely assaulted him, causing injuries to his entire body. Plaintiff alleges Defendant Johns, the Warden at D. Ray James, placed him in protective custody that same day. Plaintiff maintains he wished to press charges against the inmates who assaulted him, but Defendant Johns refused to do so. Plaintiff contends he filed an administrative remedy request, which Warden Johns denied, and Defendants Mellendick, Watts, and Samuels, all of whom work for the Bureau of Prisons, denied his appeals of that denial. (Id. at p. 5.)

Plaintiff asserts he is in pain and continues to suffer due to Defendant Johns' gross dereliction of duty and his staff's negligence. Plaintiff maintains Defendant Zoley, the CEO of the GEO Group, has attempted to cover up his employees' dereliction of duties, while Defendants Mellendick, Watts, and Samuels have tried to cover up the negligence of the private contractors. (Id. at pp. 6–7.)

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint filed by a prisoner plaintiff, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v.

Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I. Dismissal of Bivens Claim Against Private Employees

The United States Supreme Court has held that a federal prisoner cannot bring a Bivens claim against employees of a privately operated federal prison when state law authorizes adequate alternative damages actions.[1] Minneci v. Pollard, ___ U.S. ___, 132 S. Ct. 617 (Jan. 10, 2012). The Court stated that "in the case of a privately employed defendant, state tort law provides an 'alternative, existing process' capable of protecting the constitutional interests at stake." Id. at ___, 132 S. Ct. at 623 (quoting Wilkie v. Robbins, 551 U.S. 537, 559 (2007)) (declining to extend Bivens liability to allow a landowner to pursue a private action against employees of the Bureau of Land Development).

D. Ray James Correctional Facility is a private entity that operates under a contract with the Bureau of Prisons. The employees of D. Ray James, including Defendants Johns, are employees of The GEO Group, Inc., a private entity. Like the plaintiffs in Minneci and Alba, so long as Plaintiff has adequate state law remedies available to him, he may not maintain a cause of action pursuant to Bivens against The GEO Group, Inc., or its employees (such as Defendants

---

[1] It should be noted that in the Eleventh Circuit such a claim has been foreclosed since 2008. See Alba v. Montford, 517 F.3d 1249 (11th Cir. 2008) (declining to extend Bivens to cover a claim for deliberate indifference to medical needs against Corrections Corporation of America, a private facility under contract with the Bureau of Prisons, and its employees).

4

Johns and Zoley) because The GEO Group, Inc., and its employees are private parties. Thus, Plaintiff's remedy, if any, against Defendants Johns and Zoley lies in state court.[2] Consequently, Plaintiff cannot bring a Bivens action against Defendants Johns and Zoley. As such, the Court should **DISMISS** Plaintiff's claims against Defendants Johns and Zoley.

## II. Plaintiff's Bivens Claims Against Employees of the Bureau of Prisons

### A. Official Capacity Claims

It is not clear whether Plaintiff has sued all individually-named Defendants in both their individual and official capacities. To the extent Plaintiff seeks to hold Defendants Mellendick, Watts, and Samuels liable in their official capacities, he cannot do so. "Bivens only applies to claims against federal officers in their individual capacities; it does not create a cause of action for federal officers sued in their official capacities." Sharma v. Drug Enforcement Agency, 511 F. App'x 898, 901 (11th Cir. 2013) (citing Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 69–71 (2001)). For this reason, Plaintiff's claims against the individually-named Defendants in their official capacities should be **DISMISSED**.

### B. Individual Capacity Claims

Plaintiff's allegations against Defendants Mellendick, Watts, and Samuels amount to no more than these Defendants having denied Plaintiff's appeals of the denial of his administrative remedy request at the institutional level. However, an allegation that a grievance was filed with supervisory personnel is an insufficient basis for liability in a Bivens cause of action. Boykins v. Libero, No. CV212-127, 2012 WL 5364359, at *1 (S.D. Ga. Oct. 31, 2012) (citing Asad v. Crosby, 158 F. App'x 166, 170–72 (11th Cir. 2005) (affirming the district court's dismissal of the plaintiff's claims that two defendants holding supervisory positions based, in part, on the plaintiff's assertion that these defendants should be liable based on the denial of administrative

---

[2] The Court offers no opinion as to the efficacy of such a pursuit.

5

relief), Clayton v. Alston, No. CV309–042, 2009 WL 3483805, at *5 n.5 (S.D. Ga. Oct. 28, 2009), and Presslev v. Beard, No. 3:CV–04–2535, 2005 WL 2347369, at *4 (M.D. Pa. Sept. 26, 2005) (noting that liability cannot be placed on prison officials because officials failed to take corrective action following the plaintiff's unsuccessful grievance)).

Consequently, the Court should **DISMISS** Plaintiff's claims against Defendants Mellendick, Watts, and Samuels in their individual capacities for failure to state a claim.

### III.     Leave to Appeal *In Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[3] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

---

[3] A certificate of appealability is not required in this Bivens action.

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

## **CONCLUSION**

For the numerous reasons set forth above, I **RECOMMEND** that the Court **DISMISS** Plaintiff's Complaint and **DENY** Plaintiff leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.  The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 24th day of May, 2016.

						*[signature]*
						_____
						R. STAN BAKER
						UNITED STATES MAGISTRATE JUDGE
						SOUTHERN DISTRICT OF GEORGIA